```
GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
JULIE WERNER-SIMON (CA 141630)
Assistant United States Attorney
Senior Litigation Counsel
STEPHEN A. CAZARES (CA 201864)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, CA  90012
     Telephone:  (213) 894-2274/0707
     Facsimile:  (213) 894-6269
     E-Mail: julie.werner-simon@usdoj.gov
             steve.cazares@usdoj.gov

Attorneys for Plaintiff
United States of America
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CASE NO. CR 09-383 GW |
|---|---|---|
| Plaintiff, | ) | **SECOND ORDER** CONTINUING TRIAL AND COURT'S FINDINGS UNDER THE SPEEDY TRIAL ACT |
| vs. | ) | |
| RICHARD COHEN, DANIEL COHEN, and JOSHUA HOFFMAN | ) | New Trial Date: 1/26/10<br>Old Date: 11/2/09<br>Time: 8:30 a.m. |
| Defendants. | ) | |

The parties have filed a SECOND stipulation to continue the trial of <u>United States v. Cohen, Cohen & Hoffman</u>, from November 2, 2009, at 8:30 a.m. to January 26, 2010, at 8:30 a.m.  Based upon the parties' stipulation and the records and files in this case, and for good cause shown, THE COURT FINDS:

1.   Defendants Richard Cohen, Daniel Cohen, and Joshua Hoffman, were charged in a 33-count indictment which issued on April 22, 2009.  (CR 1).

2.   On April 22, 2009, defendants Joshua Hoffman and Richard Cohen made their initial appearances in this case before Magistrate Judge Olguin (CR 14, 17).  Defendant Richard Cohen was ordered initially detained and a detention hearing was set for April 29, 2007. (CR 17).  Defendant Hoffman was remanded to the custody of the U.S. Marshal and a detention hearing was set for April 29, 2009 before Judge Olguin. (CR 14).

3.   On April 27, 2009, defendants Joshua Hoffman and Richard Cohen were arraigned on the instant indictment before Judge Nagle.  (CR 31).  The case was assigned to this Court with a status conference scheduled for May 7, 2009, and a trial date set for June 2, 2009. (CR 31).

4.   On April 27, 2009, defendant Daniel Cohen made his initial appearance in this case before Magistrate Judge Nagle (CR 23).  Defendant Daniel Cohen was ordered initially detained and a detention hearing was set for April 29, 2007. (CR 23).  The PIA was set for May 4, 2009. (CR 23).

5.   As a result of the above, the original TMAX date, that is, the date within which trial must commence under 18 U.S.C. § 3161(c)(1), was seventy days from the initial appearance of defendants Richard Cohen and Joshua Hoffman, specifically, July 1, 2009.

6.   On April 29, 2009, defendant Hoffman's detention hearing was held before Judge Olguin, who ordered "detention without prejudice." (CR 33).  Also on April 29, 2009, Judge Olguin held a detention hearing for defendant Richard Cohen and defendant Richard Cohen was detained without prejudice.  (CR 35).

1  Defendant Daniel Cohen's detention hearing was also held on that
2  day before Judge Nagle.
3       7.   On April 30, 2009, the government filed an under
4  seal pleading to facilitate discovery to the defendants.  (CR
5  34).  As of the May 7, 2009 status conference, the order had not
6  yet been signed, however it was entered onto PACER on May 13,
7  2008.  (CR 61).
8       8.   On May 5, 2009, defendant Daniel Cohen was arraigned on
9  the instant indictment before Judge Hillman.  (CR 31).  The case
10 was assigned to this Court with a status conference scheduled for
11 May 14, 2009 and a trial date set for June 8, 2009 (CR 53),
12 (dates being one week later than the dates for defendants Richard
13 Cohen and Hoffman).
14      9.   On May 6, 2009, Judge Olguin held a "modification of
15 bond hearing" upon motion of defendant Richard Cohen filed May 5,
16 2009. (CR 44; CR 51).  Defendant Richard Cohen was released to
17 the home of his surety, who deeded property worth $600,000 for
18 bail, in addition to a $200,000 signature bond.
19
20      10.  On May 7, 2009, all three defendants and their counsel
21 appeared before this Court for a status conference.  (CR 56).
22 Attorney Kiana Sloan Hillier entered her appearance as counsel
23 for defendant Joshua Hoffman.  The parties agreed that given the
24 voluminous discovery in the case a continuance in the interests
25 of justice was in order.  The parties also agreed and the court
26 concurred that November 2, 2009, was the new trial date.  At the
27 conference, all defendants were asked about their speedy trial
28 rights and orally waived them, with concurrence by counsel. Id.

The parties memorialized their speedy trial exclusions in their written stipulation, specifically, the parties (FIRST) stipulation to continue trial/speedy trial waiver. (CR 65).

11. THIS COURT, on May 19, 2009, pursuant to the oral and written stipulations of the parties (CR 56, 65), entered the (FIRST) Order Continuing Trial and Court's Findings Under the Speedy Trial Act. (CR 69). THIS COURT ordered the trial continued to November 2, 2009 and made findings under the Speedy Trial Act excluding the time period from April 30, 2009 to May 8, 2009, and the period from June 2, 2009 to November 2, 2009, from the period of time within which trial must take place under 18 U.S.C. § 3161, for the reasons set forth in the (FIRST) Order. Id.

12. On July 6, 2009, at the behest of Pretrial Services, THIS COURT issued an Order to Show Cause ("OSC") why defendant Daniel Cohen's bond should not be revoked due to failure to appear for eight court ordered drug tests. The OSC hearing was set for Thursday, July 16, 2009. (CR 85).

13. On July 15, 2009, the government filed its motion for detention as to defendant Daniel Cohen. (CR 87). On Thursday, July 16, 2009, the first part of the OSC hearing occurred (CR 88). Note however, the PACER notation for this event, CR 88, incorrectly states that the status conference occurred on Tuesday, July 14, 2009. It occurred on July 16, 2009. At the July 16, 2009 proceeding, counsel for defendant Daniel Cohen requested that the detention hearing be continued. It was continued to July 27, 2009. On July 23, 2009, the defense filed its opposition to government's motion to revoke bail for defendant Daniel Cohen. (CR 93, notice of manual filing by

defendant Daniel Cohen, and CR 95, defendant Daniel Cohen's sealed opposition to government's motion to revoke). Both parties (the government and defendant Daniel Cohen) filed documents to be considered as evidence for the July 27, 2009 OSC hearing. (CR 89, 94, 97).

14. On Monday, July 27, 2009, THIS COURT held the OSC hearing as to defendant Daniel Cohen, and heard argument from the parties. Defendant Daniel Cohen admitted a single allegation, that is, failing to appear for a court ordered drug test on May 24, 2009 and THIS COURT revoked defendant's bond and notified the parties that defendant would be eligible for bond in sixty days, that is, as of September 25, 2009.

15. On September 15, 2009, the government filed its second motion for detention as to defendant Daniel Cohen in relation to his eligibility for release from custody pursuant to the Court's July 27, 2009 order.

16. On September 17, 2009, a status conference was held at which all three defendants, their counsel, and government counsel appeared. (CR 106). At that time, the existing trial date of November 2, 2009 was discussed. All defense counsel informed THIS COURT, inter alia, that given the volume of discovery in the case, that none of the three respective defendants would be prepared for trial on the November 2, 2009 date and that all needed additional time to review the discovery materials. The defense also argued that a continuance of the trial was necessary in order to provide defense counsel with sufficient time to prepare for trial, taking into consideration the exercise of due diligence.

17. Also at the September 17, 2009 status conference, as a result of defense counsel's request to continue trial (which was initially opposed at the hearing) the parties (all defense counsel and the government) agreed upon a trial date of January 26, 2010, with a pretrial conference scheduled for Thursday, January 14, 2010. THIS COURT inquired of each of the defendants as to their waiver of their speedy trial rights. On the record, defendants Richard Cohen, Daniel Cohen, Joshua Hoffman, and their counsel, each individually and orally consented to the continuation of trial and waived any claims under the Speedy Trial Act. (CR 106). The detention hearing for defendant Daniel Cohen was continued BY THIS COURT to September 22, 2009, and later to October 7, 2009 so, as THIS COURT DIRECTED, Pretrial Services could conduct an investigation and issue a report for the detention hearing as to defendant Daniel Cohen. (CR 107, 108).

18. On October 8, 2009, a bail review/detention hearing was held as to defendant Daniel Cohen. After hearing argument from the parties, THIS COURT denied bail for defendant Daniel Cohen and continued his detention. (CR 109)

19. Pursuant to the parties SECOND speedy trial stipulation, THIS COURT, in this ORDER, finds that two additional time periods, first the period from July 23, 2009 to July 27, 2009, (which is the inception of defendant Daniel Cohen's filings in response to THIS COURT's OSC motion and the motion's resolution) and second, the period from September 15, 2009, (that is, from the filing of defendant's opposition to the government's second motion for detention to October 8, 2009, the date of the

1  motion's resolution), are excluded from Speedy Trial Act
2  calculations pursuant to 18 U.S.C. § 3161(h)(1)(D) (motions
3  through disposition).  See United States v. Medina, 524 F.3d 974,
4  978 (9th Cir. 2008).
5     20.  In addition to the above, THIS COURT finds that for the
6  purpose of computing the time under the Speedy Trial Act of 1974,
7  18 U.S.C. Section 3161 et seq., within which time the trial must
8  commence, the period from November 2, 2009 (the previous trial
9  date) through January 26, 2010, shall be deemed excludable for
10 the
11 following reasons:
12     a.  The requested continuance is necessary to serve
13 the "ends of justice" and allow the defense sufficient time
14 necessary for effective preparation taking into account the
15 exercise of due diligence.  18 U.S.C. § 3161(h)(7)(A).
16     b.  A failure to grant the continuance would
17 result in a miscarriage of justice, 18 U.S.C. § 3161(h)(7)(B)(i).
18     c.  Moreover, as the case concerns alleged criminal
19 conduct from 1999 to 2007 related to the promotion of four
20 investment vehicles including Euromints, Mintech, Samuel & Cohen
21 Media, and Rig Leasing, which under this statute makes the
22 "nature of the prosecution" complex that it is unreasonable to
23 expect adequate preparation in the time initially allotted.  18
24 U.S.C. § 3161(h)(7) (B)(ii) (complex case due to nature of
25 prosecution).
26     d.  Although relying on 18 U.S.C. 3161(h)
27        (7)(B)(ii),
28

7

even if the case were not deemed "so complex" within that provision, failure to grant a continuance would deny the defendants reasonable time to review discovery, investigate potential defenses, and prepare for trial. 18 U.S.C. § 3161(h)(7)(B)(iv) (denial on a not so complex case would deny a defendant or the government reasonable time necessary for effective preparation, taking into account the exercise of due diligence).

   e. The ends of justice would be served by granting the continuance and outweigh the best interests of the public and the defendants to a speedy trial.  18 U.S.C. § 3161(h)(7)(A).

 21. This SECOND Speedy Trial ORDER to continue incorporates the parties FIRST Speedy Trial stipulation (CR 65) and THIS COURT's (FIRST) May 19, 2009 Speedy Trial Exclusion Order (CR 69) which originally tolled the speedy trial computation from April 30, 2009 to May 8, 2009, and from June 2, 2009 to November 2, 2009.  This SECOND ORDER additionally excludes the periods:
(i) July 23, 2009 to July 27, 2009, (ii) September 15, 2009 to October 8, 2009, as well as (iii) November 2, 2009 through January 26, 2010.

 22. IT IS FURTHER ORDERED THAT: the trial in <u>United States v. Cohen, Cohen and Hoffman</u>, is continued from November 2, 2009 to January 26, 2010, at 8:30 a.m., with the pretrial conference set for Thursday, January 14, 2010, at 8:00 a.m.  Motions will be heard at that time and all motions (including motions in limine) must be filed at least three weeks prior to the status

conference, (specifically, no later than Wednesday, December 23, 2009, given the December holidays).

23. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the time period within which trial must commence.

IT IS SO ORDERED.

DATED: October 29, 2009

_____
HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE